**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DOUGLAS B. JANNEY, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00494** |
| | ) | **Judge Aleta A. Trauger** |
| **NSK AMERICA CORPORATION et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM</u>**

Before the court is the Joint Motion to Dismiss filed by defendants Robert C. Fesmire, DDS ("Dr. Fesmire"), Robert C. Fesmire, DDS, P.C. (the "Fesmire Practice"), and Fesmire Properties, LLC ("Fesmire Properties") (collectively, the "Fesmire defendants"), seeking dismissal of this case altogether for lack of subject-matter jurisdiction or, alternatively, dismissal of the non-diverse Fesmire defendants. (Doc. No. 25.) The Fesmire defendants' alternative request will be granted, and the claims against the Fesmire defendants will be dismissed without prejudice.

## I.    BACKGROUND

Plaintiff Douglas Janney, a Tennessee resident, filed this action in June 2021, originally naming as defendants NSK America Corporation ("NSK"), an Illinois corporation with its principal place of business in Hoffman Estates, Illinois, and Nakanishi, Inc. ("Nakanishi"), a Japanese corporation with its North American headquarters in Hoffman Estates, Illinois, and asserting a claim under state law for personal injury damages caused by an allegedly dangerous or defective dental device. The original Complaint asserts that this court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1), based on complete diversity of citizenship and an amount in controversy in excess of $75,000. (Doc. No. 1 ¶ 5.) The original Complaint also references 28

U.S.C. § 1367 (*see* Doc. No. 1 ¶ 5), which pertains to supplemental jurisdiction, but the original Complaint does not plead any basis for the exercise of supplemental jurisdiction or even a cause of action over which the court might exercise supplemental jurisdiction.

NSK and Nakanishi both answered the Complaint, acknowledging that the plaintiff's claim is governed by the Tennessee Product Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.*, and asserting an affirmative defense based on the comparative fault of "Dr. Rob Fesmire, DDS" with the "Fesmire Dental Group," under Tenn. Code Ann. § 29-28-108. (Doc. No. 7, at 9; Doc. No. 13, at 9–10.)

Following the filing of the Answers and with the express consent of NSK and Nakanishi, Janney filed an Amended Complaint under Rule 15(a)(2), adding the Fesmire defendants. (Doc. No. 21.) Although the Amended Complaint does not state the citizenship of any of the Fesmire defendants, it does allege that Dr. Fesmire is a "licensed and practicing dentist in Nashville, Tennessee," that he owns and/or operations the Fesmire Practice and Fesmire Properties, and that all three defendants may be served at Dr. Fesmire's and the Fesmire Practice's place of business in Nashville, Tennessee. The Amended Complaint continues to assert a product liability claim under Tennessee law and adds a health care liability claim, also under Tennessee law, against the Fesmire defendants. The Amended Complaint also continues to plead that this court "has jurisdiction under 28 U.S.C. §§ 1332 and 1367(a)," based on the amount in controversy and the residence of NSK and Nakanishi. (Doc. No. 21 ¶ 7.)

NSK and Nakanishi answered the Amended Complaint, without expressly addressing jurisdiction. The Fesmire defendants, in lieu of answering, filed their Motion to Dismiss for Lack of Subject-Matter Jurisdiction, under Rule 12(b)(1), arguing that, with their addition as defendants, there is no longer complete diversity of citizenship and that the court therefore lacks subject-matter

jurisdiction. They filed with their Motion to Dismiss the Affidavit of Dr. Fesmire, in which he avers, under oath, that he is a citizen and resident of the state of Tennessee and was such at the time of the procedure giving rise to this lawsuit; that he is a dentist licensed to practice in Tennessee; that he is the owner of the Fesmire Practice, which is incorporated in Tennessee and has its principal place of business in Tennessee; and that he is a member of Fesmire Properties, which was formed in Tennessee and has its principal place of business in Tennessee. (Doc. No. 25-2.)

Janney has filed a Response in Opposition to the Motion to Dismiss. (Doc. No. 26.) He argues that: (1) the Fesmire defendants have no basis for seeking dismissal of the claims against NSK and Nakanishi; (2) NSK and Nakanishi raised comparative fault as a defense, as a result of which the plaintiff joined the Fesmire defendants in accordance with Tenn. Code Ann. § 20-1-119—rather than under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure—and the court "has jurisdiction pursuant to the plain language of Tenn. Code Ann. § 20-1-119" (Doc. No. 26, at 2); and (3) the court has supplemental jurisdiction over the claims against the Fesmire defendants, under 28 U.S.C. § 1367(a). Janney maintains that the Fesmire defendants' Motion to Dismiss should be denied in its entirety but requests, in the alternative, that only the non-diverse defendants be dismissed, without prejudice to his ability to refile claims against them in state court. The Fesmire defendants filed a Reply (Doc. No. 27), generally refuting the plaintiff's arguments and reiterating the arguments asserted in the Memorandum in support of their Motion to Dismiss.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may assert lack of subject-matter jurisdiction as a defense. A motion to dismiss under Rule 12(b)(1) is different from one under Rule 12(b)(6), in that it challenges the court's power to hear the case before it. When jurisdiction is challenged under this rule, the burden is on the plaintiff to prove that jurisdiction

exists. *Wayside v. Van Buren Cty.*, 847 F.3d 812, 817 (6th Cir. 2017); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

In evaluating a motion to dismiss under Rule 12(b)(1), courts must first consider whether the challenge to subject-matter jurisdiction is a facial attack or a factual attack. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). Where, as here, an attack on the factual basis of jurisdiction challenges the "factual existence of subject matter jurisdiction," the court has "broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id.* at 759–60. If confronted with conflicting evidence, the court must "weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." G*entek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

## III.    DISCUSSION

The Fesmire defendants challenge subject-matter jurisdiction on the basis that their joinder as defendants destroyed complete diversity. Generally, "diversity is determined at the time of the filing of a lawsuit." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)). However, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" (quoting Fed. R. Civ. P. 12(h)(3) (2005) (revised 2007)).

The Amended Complaint asserts complete diversity under 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) requires that the controversy be "between . . . citizens of different States." Such

diversity means that "no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). A natural person is a citizen of the state in which he is domiciled. *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994). A corporation is a citizen of both the state in which it is incorporated and the state in which the corporation's principal place of business is located. *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629 (6th Cir. 1992). The citizenship of a limited liability company is determined by the citizenship of each member. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Based on these principals, it is clear, based on the unrefuted averments in Dr. Fesmire's Affidavit, that all three Fesmire defendants are citizens of Tennessee. Because Janney is also a citizen of Tennessee, the joinder of the Fesmire defendants destroys complete diversity. Accordingly, the district court lacks subject-matter jurisdiction over the case as it is now configured.

The plaintiff's arguments to the contrary are unavailing. First, insofar as the plaintiff insists that the joinder of the Fesmire defendants was conducted under Tenn. Code Ann. § 20-1-119 and that this statute grants jurisdiction, this argument borders on the absurd. The plaintiff makes no effort to explain how a state statute can confer federal jurisdiction or override federal statutes pertaining to jurisdiction. Moreover, the referenced statute says nothing about jurisdiction. It simply serves to extend the otherwise applicable statute of limitations if it has already expired at the time a defendant identifies a comparative tortfeasor, and the plaintiff elects either to add the comparative tortfeasor as a defendant or to institute a separate lawsuit against it within ninety days after such identification. Tenn. Code Ann. § 20-1-119(a)(1)–(2), (b).

The plaintiff's alternative argument that the court has supplemental jurisdiction over the Fesmire defendants under 28 U.S.C. § 1367 fares no better. This provision states, in relevant part:

> Except as provided in subsections (b) and (c) . . . , in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Subsection (b) provides that, in cases in which jurisdiction is premised solely on diversity jurisdiction under 28 U.S.C. § 1332,

> the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

*Id.* § 1367(b).[1] The plaintiff argues that the Fesmire defendants were not "made parties" under Rule 14, 19, 20, or 24 but under Tenn. Code Ann. § 20-1-119. Again, even assuming § 20-1-119 authorized their joinder despite the running of a statute of limitations, the naming of the non-diverse defendants would still need to be authorized by federal law.

But the plaintiff is correct that he did not join the Fesmire defendants under Rule 14, 19, 20, or 24. Instead, he filed an Amended Complaint, with the consent of the then-named opposing parties, under Rule 15(a)(2). That simply means that the pleading comes under the direct purview of 28 U.S.C. § 1332(a)(1), which, as already indicated, has "consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 737 (1978) (emphasis in original), *superseded by statute on other grounds*, 28 U.S.C. § 1367; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) ("Since its

---

[1] Subsection (c) describes situations in which district courts may decline to exercise supplemental jurisdiction, even if it is otherwise permitted by the statute.

enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship." (citing *Strawbridge v. Curtiss*, 3 Cranch 267 (1806))).

The plaintiff also appears to be arguing that, because the court has diversity jurisdiction over the state-law claims against NSK and Nakanishi, the court may properly exercise supplemental jurisdiction over the Fesmire defendants. But § 1332(a)(1), read in conjunction with § 1367(a), has never been construed to mean that a court with original jurisdiction over one claim by the plaintiff(s) against one defendant or set of defendants, premised on diversity, may exercise supplemental jurisdiction over a closely related state-law claim asserted by the plaintiff(s) against a second set of non-diverse defendants. Rather, the term "original jurisdiction" as used in § 1367(a) means that there is complete diversity between all existing plaintiffs and defendants. As the Supreme Court has explained:

> In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant *deprives the district court of original diversity jurisdiction over the entire action*. The complete diversity requirement is not mandated by the Constitution or by the plain text of § 1332(a). The Court, nonetheless, has adhered to the complete diversity rule in light of the purpose of the diversity requirement, which is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants. The presence of parties from the same State on both sides of a case dispels this concern, eliminating a principal reason for conferring § 1332 jurisdiction over any of the claims in the action. . . . In order for a federal court to invoke supplemental jurisdiction . . . , it must first have original jurisdiction over at least one claim in the action. *Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere*.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553–54 (2005)) (internal citations omitted; emphasis added). Under the Supreme Court's interpretation of "original jurisdiction," the concept of supplemental jurisdiction simply "allows federal courts to hear and decide state-law claims along with federal-law claims when they 'are so related to claims in the action within such

original jurisdiction that they form part of the same case or controversy.'" *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998) (quoting 28 U.S.C. § 1367(a)).

Finally, the plaintiff invokes and seeks to rely on cases holding that the court retains subject-matter jurisdiction over cases in which a *defendant* joins, and brings counterclaims against, third-party defendants who share the same citizenship as the plaintiff, even though doing so destroys diversity jurisdiction. *See, e.g.*, *Constr. Mgmt., Inc. v. Platinum Hosp., LLC*, No. 3:19-cv-00806, 2020 WL 5877104, at *4–5 (M.D. Tenn. Oct. 2, 2020) (Crenshaw, C.J.). As Judge Crenshaw explained there, subsection (b) of § 1367 only withdraws the supplemental jurisdiction granted by subsection (a) when a *plaintiff* seeks to join a non-diverse defendant under one of the enumerated rules, not when a defendant does so. *Id.* at *5 (citing *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579–80 (5th Cir. 2004)); *see also Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004) (noting that it was "well settled that supplemental jurisdiction exists over a properly brought third-party complaint," even if the impleaded defendants destroy complete diversity, because "[t]hird-party claims by defendants . . . generally do not require an independent jurisdictional basis but must simply "share a 'common nucleus of operative fact' with the case already before the court"). The plaintiff here argues that, because NSK and Nakanishi made allegations of comparative fault against the Fesmire defendants, they "effectively brought the Fesmire Defendants into the case" as third-party defendants. (Doc. No. 26, at 2.) But that is simply not true. NSK and Nakanishi identified potential comparative tortfeasors, but they had no obligation to bring them into the case as third-party defendants. The plaintiff himself brought them into the case, naming the Fesmire defendants *as defendants* in the Amended Complaint. The holdings in *Grimes* and *Construction Management* have no relevance to this case, and supplemental jurisdiction does not come into play.

In sum, the Amended Complaint includes only state-law claims and invokes only diversity jurisdiction under § 1332(a). But the presence of the Fesmire defendants, being from the same state as the plaintiff, "deprives the court of original diversity jurisdiction over the entire action." *Exxon*, 545 U.S. at 553. In this situation, the court would typically dismiss the lawsuit in its entirety, without prejudice, for lack of subject-matter jurisdiction. However, the Fesmire defendants move, in the alternative, for the dismissal of the non-diverse defendants (Doc. No. 25, at 1), and the plaintiff specifically requests that, if the court finds that it lacks jurisdiction, it dismiss without prejudice the claims against the Fesmire defendants (Doc. No. 26, at 5).

Under Rule 21 of the Federal Rules of Civil Procedure, "the court may at any time, on just terms, add or drop a party." "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time[.]" *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *see also Aetna Cas. & Sur. Co. v. Dow Chem. Co.*, 44 F. Supp. 2d 870, 876 (E.D. Mich. 1999) (holding that "a court may preserve diversity jurisdiction" by dismissing a dispensable nondiverse party (citing *Newman-Green,* 490 U.S. at 832)). Neither party here addresses the question of whether the Fesmire defendants are indispensable, but the law is clear that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (citations omitted); *accord Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 44 (6th Cir. 2012); *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001). That is, potential comparative tortfeasors are not indispensable parties.

The court, therefore, will grant the Fesmire defendants' motion insofar as it seeks dismissal of the claims against them, under Rule 21.

IV.      **CONCLUSION**

For the reasons set forth herein, the Fesmire defendants' Motion to Dismiss (Doc. No. 25) will be granted, and all claims against the Fesmire defendants will be dismissed for lack of subject-matter jurisdiction. The claims against defendants NSK and Nakanishi will remain intact.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge